IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAXINE JACQUEZ,

    Plaintiff,

vs.                                                                                           No. 13-cv-0383 SMV

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 17] ("Motion"), filed on March 26, 2014. The Commissioner responded on May 21, 2014. [Doc. 18]. Plaintiff replied on June 18, 2014. [Doc. 19]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge's ("ALJ") findings at step five are not supported by substantial evidence because there is an unresolved conflict between the testimony of the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT"). Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

### III. Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on April 20, 2009. Tr. 11. Plaintiff alleged a disability-onset date of May 31, 2008. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Barry Robinson held a hearing on October 12, 2011, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with her attorney, Michelle Baca.[3] Tr. 11, 29. The ALJ took testimony from Plaintiff and an impartial VE, Cornelius J. Ford. Tr. 11, 27.

The ALJ issued his unfavorable decision on January 10, 2012. Tr. 11–21. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 13. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "bilateral patellofemoral instability, leg length discrepancy, a history of congenital hip dislocation, and scoliosis." Tr. 13–14. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 14–16.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 16–19.

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that she can lift and/or carry no more than 20 pounds occasionally and no more than 10 pounds frequently, stand and/or walk (with normal breaks) for at least 2 hours out of an 8-hour work day. [Plaintiff] can never climb ropes, ladders[,] and scaffolds; can occasionally climb ramps and

---

[3] Although Plaintiff was represented by Attorney Baca at the administrative hearing, before this Court she is represented by Attorney Francesca MacDowell and the Michael Armstrong Law Office.

>stairs; occasionally kneel, crouch, and crawl; and frequently balance and stoop.  [Plaintiff] should avoid concentrated exposure to hazardous machinery and unprotected heights.

Tr. 16.  At step four, the ALJ found that Plaintiff was unable to perform her past relevant work.  Tr. 19.  At step five, based on Plaintiff's RFC, age, education, and work experience, the ALJ found that she is able to perform other jobs that exist in significant numbers in the national economy.  Tr. 20.  Specifically, he found that she is able to perform the requirements of information clerk (DOT number 237.367-018), small products assembler II (DOT number 739.687-030), and bench assembler (DOT number 706.684-042).  *Id.*  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  Tr. 20–21.  The Appeals Council denied Plaintiff's request for review on February 21, 2013.  Tr. 1−4.  Plaintiff timely filed the instant action on April 24, 2013.  [Doc. 1].

## IV. Analysis

The ALJ's findings at step five are not supported by substantial evidence because there is an unresolved conflict between the VE's testimony and the DOT.  However, Plaintiff's other arguments are not persuasive.  The RFC is supported by substantial evidence, and the ALJ's credibility determination was closely and affirmatively linked to the record.

A. The ALJ's findings at step five are not supported by substantial evidence because there is an unresolved conflict between the VE's testimony and the DOT.

Plaintiff argues that the VE's testimony conflicts with the DOT and that remand is warranted to resolve the conflict.  [Doc. 17] at 14. Specifically, the ALJ found that Plaintiff is able to perform light work with certain restrictions, including restrictions in walking and

5

standing.  *Id.* (citing Tr. 16).  Nevertheless, the jobs cited by the VE are all classified as "light" by the DOT.  *Id.*  Plaintiff concludes that the VE's testimony, therefore, conflicts with the DOT.  *Id.*  Plaintiff argues that because the ALJ failed to elicit testimony from the VE explaining the conflict, the ALJ erred in relying on the VE's testimony.  The Court agrees.

Reasonable explanations are required for conflicts between the DOT and the VE's testimony.  *Hackett v Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (citing Social Security Ruling ("SSR") 00-4p; *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)).  "[A]n ALJ has a duty to fully develop the record[.]  Questioning a [VE] about the source of his opinion and any deviations from [the DOT] falls within this duty."  *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (clarifying that the duty applies at steps three, four, and five of the sequential evaluation process).  "[B]ecause cross-examining a [VE] with a publication such as the [DOT] is clearly a matter for someone well versed in social security law, not a layman[,]" the ALJ—not the claimant—is responsible for investigating and eliciting a reasonable explanation for any conflict between the VE's testimony and the DOT.  *Id.*  If the ALJ fails this duty and there is an unresolved conflict between the VE's testimony and the DOT, the VE's testimony cannot constitute substantial evidence to support a determination of non-disability.  *Id.*

For example, in *Rogers v. Astrue*, 312 F. App'x 138, 141 (10th Cir. Feb. 17, 2009) (unpublished), the Tenth Circuit Court of Appeals held that where the RFC restricted the plaintiff to light work except that he could perform the lifting associated with only sedentary work, the VE's testimony that the plaintiff could perform certain light jobs conflicted with the DOT.  Ultimately, the court did not reverse the ALJ's decision because the VE explained the

conflict as to one of the jobs, which existed in sufficient numbers to support the ALJ's decision. *Id.* at 142.

Here, as in *Rogers*, the RFC reflected that Plaintiff could not perform the full range of light work. In this case, Plaintiff was limited light work, except that she was further limited standing/walking (with normal breaks) to "at least 2 hours out of an 8-hour work day." Tr. 16. Plaintiff's standing/walking restriction, therefore, is classified as "sedentary." *See Helmer v. Barnhart*, 112 F. App'x 705, 709 (10th Cir. 2004) (unpublished) (citing SSRs 96-9p, 83-10). In other words, Plaintiff could not perform the standing/walking requirements associated with light work. Instead, she could only perform the standing/walking associated with sedentary work. Nevertheless—similar to the situation in *Rogers*—the VE in this case testified that Plaintiff could perform three *light* jobs. Tr. 60–61. The ALJ relied on the VE's testimony to ultimately determine that Plaintiff was not disabled. Tr. 20. However, neither the VE nor the ALJ provided any further explanation regarding how Plaintiff could perform "light" jobs given that she was restricted to sedentary standing/walking. *See* Tr. 20 (ALJ's findings), 60–61 (VE's testimony). Accordingly, remand is warranted to allow the Commissioner to resolve this conflict.

The Court is not persuaded by the Commissioner's argument that there is no conflict between the VE's testimony and the DOT. *See* [Doc. 18] at 11–12. The Commissioner argues that there is no conflict in this case for three reasons. *Id.* First, not all light work requires six hours of standing/walking. *Id.* at 11. Second, the VE testified that his opinions did not conflict with the DOT. *Id.* Finally, the VE testified that someone with Plaintiff's RFC could

7

perform the three named jobs.  *Id.*  For support, the Commissioner cites to *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. March 23, 2007) (unpublished).  There, the Tenth Circuit Court of Appeals found no conflict between the VE's testimony and the DOT where the RFC limited the plaintiff to *occasional overhead* reaching and where the jobs cited by the VE required *frequent* reaching, with no specification about *overhead* reaching.  *Id.*  The court explained that there was no conflict.  Instead, the court found that the VE's testimony actually "clarified how [the DOT's] broach categorization[ of "reaching"] appl[ied] to th[at] specific case."  *Id.*

The Court is not persuaded that *Segovia* is applicable to the instant case.  In *Segovia*, the limitation at issue—*overhead* reaching—is not addressed by the DOT.  226 F. App'x at 804.  As the court of appeals explained, the DOT only addresses the broader category of "reaching" in general.  *Id.*  Accordingly, the court determined that the DOT and the VE's testimony could be read as consistent with each other.  *Id.*  In contrast, here, the DOT expressly addresses the limitation at issue, i.e., standing/walking.  Accordingly, the Court is not persuaded by *Segovia*.

The Commissioner is correct that not all jobs classified as "light" by the DOT, *ipso facto*, require six hours of standing/walking.  *See* SSR 00-4p, 2000 SSR LEXIS 8 at *6 (Dec. 4, 2000) ("The DOT lists *maximum* requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings.  A VE . . . may be able to provide more specific information about jobs or occupations than the DOT.") (emphasis added).  The implication in her argument is that when the ALJ gave Plaintiff's RFC restrictions to the VE and the VE responded with the three light jobs, the VE was implicitly

8

testifying that those three light jobs were consistent with Plaintiff's sedentary standing/walking restriction.  *See* [doc. 18] at 11.  The problem is that the VE never said so.  *See* Tr. 57–62.  He merely agreed to alert the ALJ if his testimony was not consistent with the DOT and then never indicated any inconsistency.  *See id.*  More importantly, the ALJ himself never explained how the three light jobs were consistent with Plaintiff's restriction to sedentary walking/standing.  *See* Tr. 20.  He merely found no inconsistency between the VE's testimony and the DOT.  *See id.*

Accordingly, and considering the holding in *Rogers*, the Court finds that there is a conflict between the VE's testimony in this case and the DOT.  The ALJ failed to investigate and elicit a reasonable explanation for the conflict.  Therefore, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision.

### B. The RFC is supported by substantial evidence.

Plaintiff challenges the RFC on two grounds.  First, she argues that the ALJ impermissibly failed to consider evidence of her pain and that she requires knee braces.  Second, she argues that the RFC is inadequate because it is based on opinions of physicians who had not seen certain later-developed medical records.  The Court is not persuaded.

Plaintiff argues that the ALJ erred in "fail[ing] to include a sit/stand option in the RFC, instead finding [Plaintiff] able to perform 'at least two hours' of standing and/or walking daily." [Doc. 17] at 13–14 (quoting Tr. 16).  Plaintiff explains that the ALJ did not refer to any evidence that she could stand/walk more than two hours per day.  *Id.* at 14.  However, the ALJ expressly accorded great weight to the opinions of the non-examining state agency physicians,

who agreed that Plaintiff was capable of sitting and/or walking "at least 2 hours in an 8-hour workday. *Compare* Tr. 19 (ALJ's findings), *with* Tr. 218 (Dr. Rees' opinion), *and* Tr. 245 (Dr. Pallin's opinion). Accordingly, the Court finds that there is substantial evidence to support the ALJ's RFC assessment that Plaintiff is able to "stand and/or walk (with normal breaks) for at least 2 hours out of an 8-hour work day." *See* Tr. 16.

Next, Plaintiff argues that the non-examining doctors—on whose opinions the ALJ relied in making the RFC assessment—did not have the benefit of later-developed medical evidence. [Doc. 17] at 15. For example, neither physician reviewed the June 2010 right-knee and left-knee MRIs or the physical therapy records from March 2010. *Id.* Plaintiff urges that the ALJ "was required to consider [the doctors'] opinions in light of the later developed evidence. *Id.* at 16 (citing Social Security Ruling ("SSR") 96-9p (requiring that weight be accorded to the opinions of state agency medical consultants "only insofar as they are supported the evidence in the case record . . . including any evidence received [later, which] was not before the State agency)). The Court is not persuaded that the ALJ erred.

The ALJ did, in fact, consider the later-developed medical evidence that Plaintiff cites. Tr. 15 (describing results of the MRIs from June 2010 and explaining his findings in light of the MRIs); Tr. 16 (mentioning Plaintiff's physical therapy and explaining his findings in light of the treatment). The ALJ explicitly discussed the June 2010 MRIs and Plaintiff's physical therapy. Tr. 15–16. Further, he made findings based on these records that support his RFC assessment. Accordingly, the Court finds that the ALJ adequately applied SSR 96-9p and that Plaintiff fails to show any error in the ALJ's reliance on the opinions of the state agency physicians.

C. <u>The credibility determination is closely and affirmatively linked to substantial evidence.</u>

Plaintiff challenges the ALJ's credibility determination on numerous grounds, none of which is meritorious. There is no error in the ALJ's credibility determination because the ALJ applied the correct legal standards, and because his reasons are supported by substantial evidence.

The district court cannot re-weigh the evidence and can only review an ALJ's decision to ensure that he applied the correct legal standard and that his findings are supported by substantial evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted). Boilerplate language, however, is insufficient. *Id.* Instead, "it is well settled that [ALJs] must give reasons for their decisions." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). Although ALJs do not have to discuss "every piece of evidence," *Clifton*, 79 F.3d at 1010, their "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler,* 68 F.3d at 391 (internal quotation marks and brackets omitted).

The Tenth Circuit Court of Appeals does not "reduce[] credibility evaluations to formulaic expressions [nor] require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir.

2001) (quoting *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000)). Finally, where pain is the subject of the credibility dispute, the ALJ should consider such factors as:

> [1] the levels of medication and their effectiveness, [2] the extensiveness of the attempts (medical or nonmedical) to obtain relief, [3] the frequency of medical contacts, [4] the nature of daily activities, [5] subjective measures of credibility that are peculiarly within the judgment of the ALJ, [6] the motivation of and relationship between the claimant and the other witnesses, and [7] the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991)).

Here, the ALJ thoroughly and carefully evaluated Plaintiff's credibility and sufficiently linked his credibility determination to substantial evidence. Tr. 16–19. The ALJ indicated that he had considered all of Plaintiff's alleged symptoms and then went on to describe those symptoms in great detail. Tr. 16–17. He found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. Tr. 17. But he also found that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible to the extent that they were inconsistent with the RFC. *Id.* The ALJ elaborated on these findings in fairly extensive detail. Tr. 18–19.

For example, he explained that Plaintiff had not sought medical care for her legs or hips as an adult (which corresponds to the second *Thompson* factor). Tr. 18. He noted that Plaintiff's orthopaedist had recommended conservative treatment with physical therapy, possible taping and/or bracing, and anti-inflammatory medications, and he noted that surgery was not the only option for her (which corresponds to the first and seventh *Thompson* factors).

*Id.* He found that Plaintiff had not obtained the shoe lift as recommended by the orthopaedist, and he did not find Plaintiff's explanation credible. *Id.* Plaintiff testified that she could not afford the $125 copay for the shoe lift but also that she drinks four to six beers per day and smokes marijuana whenever she had it. *Id.* So, the ALJ concluded that obtaining the shoe lift was not a priority for Plaintiff—the implicit reasoning being that Plaintiff choses to spend her money on beer and marijuana instead of on the shoe lift—and, therefore, her discomfort was not as significant as she alleged (which corresponds to the second *Thompson* factor). *Id.* He further found that the orthopaedist's most recent evaluation from June 10, 2011, showed no significant changes and that Plaintiff was to begin strengthening exercises (which corresponds to the first and seventh *Thompson* factors). *Id.* He found that Plaintiff's nurse practitioner recommended that she switch from ibuprofen to Tramadol, but only because the ibuprofen was contraindicated for Plaintiff's gastroesphogeal reflux disease, not because the ibuprofen was ineffective (which corresponds to the first *Thompson* factor). *Id.* He noted that Plaintiff did not mention back pain during her examination with Dr. Moedl, and Dr. Moedl reported that Plaintiff had a full range of motion in her spine (which corresponds to the second and seventh *Thompson* factors). *Id.* The ALJ further found that Plaintiff's engagement of a wide range of activities of daily living ("ADLs") suggests that Plaintiff can perform a limited range of light work activities (which corresponds to the fourth *Thompson* factor). *Id.* at 19.

     Plaintiff challenges the ALJ's credibility findings on numerous grounds, which are addressed in order of analytical convenience. First, Plaintiff challenges the ALJ's conclusion that Plaintiff's use of alcohol and marijuana tends to discredit her. [Doc. 17] at 18–19 (citing

Tr. 18). She argues that there is no evidence of record regarding how much she pays for these items, or indeed, whether she pays anything at all. [Doc. 17] at 18–19. Besides, Plaintiff argues, the ALJ does not explain how the finding bears on Plaintiff's credibility. *Id.* The Court disagrees. It is clear from the ALJ's findings that he found Plaintiff's subjective complaints of pain to be only somewhat credible given that she chose to spend her money on beer and marijuana rather than on the copay for the shoe lift. Specific evidence regarding the cost of these items is unnecessary to support the ALJ's finding. The finding is sufficiently clear for judicial review, and it is supported by the record.

Next, Plaintiff argues that the ALJ misstated the record when he characterized her complaints of left hip and back pain as "secondary to her complaints of knee pain." [Doc. 17] at 17 (quoting Tr. 18). Plaintiff argues that her left hip and back issues are actually independent of—not secondary to—her knee issues. *Id.* (citing Tr. 211–12). Similarly, Plaintiff argues that the ALJ should not have relied on Plaintiff's ability to perform ADLs because she testified that she can only perform them if she is able to take breaks to rest. *Id.* (citing Tr. 50, 173). Even if Plaintiff were correct and even if the ALJ misstated the record as alleged—which the Court does not necessarily find—such misstatements do not render the ALJ's credibility findings invalid.

Lastly, Plaintiff challenges the ALJ's reliance on an absence of any treating physician opinion that Plaintiff is unable to work or that she has any functional limitations. [Doc. 17] at 19–20 (citing Tr. 19 and *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008)). Even if

Plaintiff were correct and the ALJ erred as she alleges—which the Court does not necessarily find—there are still sufficient reasons to uphold the credibility findings.

In sum, even disregarding certain credibility findings that Plaintiff challenges, the ALJ's thorough credibility evaluation passes muster.  The numerous remaining findings are closely and affirmatively linked to substantial evidence, and this Court will not disturb them.  Remand on this ground is not warranted.

## V.  Conclusion

The Court will reverse the ALJ's decision and remand the case to allow the Commissioner to resolve the conflict between the VE's testimony and the DOT.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**